## SIMMONS *v.* EVANS.

*(Supreme Court, General Term, Second Department. December 14, 1891.)*

LANDLORD AND TENANT—ACTION FOR RENT—EVIDENCE.

    Defendant took a lease of certain premises on March 14th for a term beginning May 1st, the premises up to that time being in the occupancy of third persons. On May 1st, defendant refused to take possession of the premises on the ground that plaintiff had given a written consent that he should have immediate possession of the premises on the day the lease was executed. This consent was written by plaintiff's agent, whose authority was denied by plaintiff, and the consent was unsigned by him. *Held*, the authority of the agent to give such consent being in issue, there was a question for the jury, and that the court erred in directing a verdict.

Appeal from Kings county court.

Action by Emanuel Simmons against George W. Evans. From a judgment of the county court, directing a verdict for defendant, plaintiff appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Wm. M. Benedict*, for appellant. *J. Stewart Ross*, for respondent.

BARNARD, P. J. On the 19th of March, 1888, the plaintiff, by a written lease, let and rented to the defendant certain premises on Flushing avenue in Brooklyn for the term of three years from the 1st of May, 1888, at the rent.

of $425 yearly, payable quarterly in advance. There was a privilege to pur-
chase given to the defendant. The defendant was to make improvements on
the property, which consisted of vacant lots, and, if the right to purchase
was not accepted, the improvements were to revert to the plaintiff. At the
time the lease was signed by defendant he deposited with one Mr. Condict,
who was the person who drew up the lease, a check for one quarter's rent in
advance. The check was dated May 1, 1888,—the date of the commencement
of the term. The payment of this check was stopped by the defendant. This
action is brought to recover the quarter's rent. It appears on the trial that
at the time of the execution of the lease in March, 1888, the lots were in the
possession of third parties. On the 1st of May, 1888, the premises were ready
for the occupancy of defendant, but he took no possession of the same. The
defense is based upon a paper given by Condict in the name of plaintiff that
the defendant might, in consideration of the lease, take immediate possession of
the lots in March, 1888. The plaintiff testified that Condict had no author-
ity to give this paper; that he was not his agent beyond drawing up a lease
which he had made, and which he did draw correctly; that he (plaintiff) knew
nothing of the consent to take immediate possession in March of the lots.
There was a question of fact for the jury. The lease is signed by the plain-
tiff in person. The consent to take immediate possession is wholly written
by Condict. There was no proof of authority in Condict to give this consent.
The plaintiff expressly testifies that he had no such authority. The defend-
ant only testifies that he got the consent at the time he got the lease, and that
the papers were both delivered to him by Condict. The agency of Condict to
give the consent was thus directly in issue, and the direction of a verdict for
defendant was erroneous. There should therefore be a new trial, with costs
to abide event. All concur.